# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas E Fuqua,<br><br>Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>Respondents. | No. CV-18-08193-PCT-DWL<br><br>**ORDER** |

On October 12, 2018, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 ("the Petition"). (Doc. 6.) On September 3, 2019, Magistrate Judge Boyle issued a Report and Recommendation ("R&R") concluding the Petition should be denied and dismissed with prejudice. (Doc. 18.) Afterward, Petitioner filed objections to the R&R. (Doc. 25.) For the following reasons, the Court will overrule Petitioner's objections to the R&R, deny the Petition, and terminate this action.

I.  Background

The relevant factual and procedural background is set forth in the R&R. In a nutshell, in 2011, Petitioner was convicted at trial of two counts of misdemeanor assault, two counts of aggravated assault, one count of kidnapping, and one count of felony criminal damage. (Doc. 18 at 3.) All of the charges arose "from a domestic violence incident that occurred on April 22 and 23, 2011, between [Petitioner] and his then wife." (*Id.* at 1, citation omitted.) In January 2012, the trial court sentenced Petitioner to a total of 35 years' imprisonment, with 34.5 years of the sentences being flat-time sentences, and

awarded Petitioner 277 days of presentence credit. (*Id.* at 3.)

The Arizona Court of Appeals affirmed but the Arizona Supreme Court reversed in part, holding that the imposition of flat-time sentences was improper and that Petitioner should serve no less than 85% of his sentences. (*Id.*)

In August 2014, Petitioner filed an appeal challenging his resentencing. (*Id.*) The Arizona Court of Appeals affirmed. (*Id.*)

In September 2015, Petitioner filed a petition for post-conviction relief ("PCR"). (*Id.* at 4.) In February 2016, the trial court granted relief in part, as to "the illegal sentence pursuant to Rule 32.1(H)," and ordered resentencing. (*Id.*) In April 2016, the trial court resentenced Petitioner to 21 years' imprisonment on the four felony counts. (*Id.*)

In May 2016,[1] Petitioner filed a petition for review regarding the trial court's partial denial of PCR relief. (*Id.*)

In September 2016, Petitioner filed an appeal in the Arizona Court of Appeals in which he challenged his resentencing, requested presentence credit for time served, and requested that his sentences run concurrently rather than consecutively. (*Id.*)

In August 2017, after consolidating the PCR denial and the sentencing appeal, the Arizona Court of Appeals affirmed Petitioner's sentences and denied relief on the petition for review. (*Id.*)

In October 2018, Petitioner filed the petition. (Doc. 1.) It asserts four grounds for relief, which the Court previously summarized as follows: "In Ground One, Petitioner alleges the state court violated the Fourteenth Amendment by affirming the Superior Court's vacatur of presentence credit as to certain counts where the State had not challenged Petitioner receiving the credit. In Ground Two, Petitioner alleges his Fifth Amendment right not to be subjected to double jeopardy was violated. In Ground Three, Petitioner alleges his Fifth, Sixth, and Fourteenth Amendment rights to a fair trial were violated based upon the admission of expert testimony over his objections. In Ground Four,

---

[1] The R&R states this petition was filed in May 2015. (Doc. 18 at 4.) Although the underlying petition is dated May 5, 2015 (Doc. 16-3 at 21), this appears to be a typo—other portions of the petition refer to events in April 2016 (Doc. 16-3 at 2 n.1).

- 2 -

Petitioner alleges his Sixth Amendment right to the effective assistance of appellate counsel was violated." (Doc. 9 at 2.)

II. The R&R

The R&R was issued on November 6, 2019. (Doc. 18.)

As an initial matter, the R&R declines to resolve whether the petition was filed within AEPDA's one-year statute of limitations. (*Id.* at 5-7.)

As for Ground One (challenge to state court's vacatur of pretrial incarceration credit), the R&R concludes it fails "because it challenges Arizona law regarding the finality of its judgments. Whether the Arizona courts violated Rules 26.16 and 24.3 of the Arizona Rules of Criminal Procedure does not present a federal question. . . . Petitioner's assertion of a Fourteenth Amendment violation does not make this claim cognizable." (*Id.* at 8-9, citations omitted.)

As for Ground Two (challenge to the imposition of consecutive sentences arising from a single incident), the R&R concludes it fails for two independent reasons. First, the R&R concludes that Petitioner failed to properly exhaust this claim during the state-court proceedings—when Petitioner presented this challenge during his direct appeal from his third sentencing, he characterized it as a state-law sentencing error and didn't, aside from a fleeting reference to the Double Jeopardy Clause of the Fifth Amendment in the caption, cite or rely upon federal law. (*Id.* at 9-11.) Second, the R&R concludes this claim "is not cognizable" regardless of whether it was exhausted and identifies several Ninth Circuit decisions refusing to consider habeas challenges to consecutive sentences. (*Id.* at 11 & n.5.) Finally, in a footnote, the R&R notes that "Petitioner did not argue before, and does not argue now, that his underlying convictions fail the [*Blockburger*] same-elements test. Certainly, Aggravated Assault, Kidnapping, and Criminal Damage contain distinct elements." (*Id.* at 11 n.5.)

As for Ground Three (challenge to trial court's decision to allow the state to elicit domestic violence "profile" testimony from an expert), the R&R concludes it is "unexhausted and procedurally defaulted" because Petitioner "cited only state law [*State*

1 *v. Ketchner*, 339 P.3d 645 (Ariz. 2014)] and presented no federal argument" in his PCR petition, reply, and petition for review to the Arizona Court of Appeals. (*Id.* at 11-12.)

As for Ground Four (ineffective assistance of appellate counsel, premised on counsel's failure to present a *Ketchner* claim), the R&R begins by summarizing the Arizona Court of Appeals' rationale for rejecting this claim. After observing that, "[a]s a general rule, appellate counsel is not ineffective for selecting some issues and rejecting others" and noting that the state presented very little profile evidence at trial ("the trial court . . . limited the prosecutor to four questions seeking the expert's opinion, only one of which addressed the behaviors that abusers use to control the victim"), the Arizona Court of Appeals concluded that Petitioner's appellate counsel was not ineffective. (*Id.* at 13-14.) The R&R concludes that, "[g]iven the limited scope and quantity of the testimony, the Arizona Court of Appeals was not objectively unreasonable when it decided counsel was not ineffective for deciding to bypass a weaker appellate issue." (*Id.* at 15.)

III. <u>Legal Standard</u>

A party may file written objections to an R&R within fourteen days of being served with a copy of it. Rules Governing Section 2254 Cases 8(b) ("Section 2254 Rules"). Those objections must be "specific." *See* Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file *specific* written objections to the proposed findings and recommendations.") (emphasis added).

District courts are not required to review any portion of an R&R to which no specific objection has been made. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise.").

…

…

IV. The Objections To The R&R

Petitioner objects to the R&R's analysis concerning all four of his grounds for relief. (Doc. 25.)

As for Ground One, Petitioner argues that he did "not present Ground One 'only' on the basis of a state law violation" because the Arizona Constitution "encompasses the provisions of the 'Due Process' Clause of the very 14th Amendment of the U.S. 'same' Constitutional guarantee and safeg[u]ard." (*Id.* at 3-5.) Petitioner further contends that Ground One raises a "fundamental unfairness" claim that justifies not only federal habeas review, but also federal habeas relief. (*Id.* at 4.)

These objections will be overruled. First, Petitioner is incorrect that his assertion of a state-law claim during the state-court proceedings may be construed, for exhaustion purposes, as the implicit assertion of a federal constitutional claim. As the Ninth Circuit has explained:

> Fair presentation requires that the petitioner describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim. Thus, for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.

*Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations and internal quotation marks omitted). Second, putting aside the question of exhaustion, Petitioner doesn't address (and thus has waived any objection to) the R&R's citation of cases holding that the specific type of challenge Petitioner seeks to raise here—a challenge to a state court's failure to confer presentence incarceration credit—simply isn't cognizable in a habeas proceeding.

As for Ground Two, Petitioner offers various reasons why all of the crimes in his case should have been considered "one act" under Arizona law. (Doc. 25 at 5-6, 8.) Petitioner then contends that because "the State of Arizona's 'State Constitution' itself holds provisions adopting and embracing the Constitution of the United States as well as its 'Bill of Rights' . . . [t]he Arizona State Constitution 'by its own language' . . . subjects

itself to the provisions of the United States Constitution." (*Id.* at 6-7.) Finally, as for footnote five of the R&R, Petitioner acknowledges that he never specifically raised a *Blockburger* claim but argues this should be overlooked because (1) pro se pleadings should be construed liberally and (2) the Arizona Department of Corrections didn't provide him with access to the legal books that were needed to discover this claim. (*Id.* at 8-9.)

These objections will be overruled. First, and as with Ground One, Petitioner misunderstands the legal standards governing exhaustion and fair presentation—a reference to state law or the state constitution is insufficient, even if Petitioner believes these authorities implicitly incorporate federal law. Second, Petitioner doesn't address (and thus has waived any objection to) the R&R's citation of cases refusing to consider habeas challenges to consecutive sentences. (Doc. 18 at 11 & n.5.)

As for Ground Three, Petitioner disagrees with the R&R's conclusion that he failed to exhaust his federal constitutional challenge to the trial judge's decision to admit profile testimony and points to *Tart v. Commonwealth of Massachusetts*, 949 F.2d 490 (1st Cir. 1991), as a case recognizing the propriety of "reliance on state law to exhaust federal claim." (Doc. 25 at 9-10.) Additionally, Petitioner asks the Court to review Ground Three pursuant to *Martinez v. Ryan*, 566 U.S. 1 (2012).

These objections will be overruled. As noted, the rule in the Ninth Circuit is that "[f]air presentation requires that the petitioner . . . include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief." *Davis*, 511 F.3d at 1009 (citation omitted). Thus, to the extent the First Circuit may have followed a different fair-presentation rule in 1991, it does not help Petitioner here. Finally, Petitioner's invocation on *Martinez* is misplaced because Ground Three is not a claim of ineffective assistance of counsel.

As for Ground Four, Petitioner argues his appellate counsel was ineffective in failing to present his *Ketchner* claim because the claim was "a dead-bang winner" and the underlying evidence was clearly "inadmissible." (Doc. 25 at 12-13.)

These objections will be overruled. Petitioner's narrow focus on whether the trial

court's decision to admit the profile evidence was erroneous under *Ketchner*, and whether his counsel therefore could have raised a meritorious challenge to that evidentiary ruling on appeal, asks the wrong question. Petitioner doesn't challenge (and has therefore waived any objection to) the R&R's observation that very little profile evidence was admitted at trial. Thus, even assuming *arguendo* that the admission of this limited evidence was improper, Petitioner hasn't argued—much less established—that its admission was also harmful. Indeed, even in *Ketchner*, where the state presented a significant quantity of profile evidence and emphasized that evidence during closing argument, the Arizona Supreme Court concluded that "[t]he error . . . is harmless as to the convictions and sentences for aggravated assault and attempted first-degree murder." *Ketchner*, 339 P.3d at 650. It was thus logical (or, at least, not an unreasonable application of clearly established federal law) for the Arizona state courts to conclude that Petitioner's appellate counsel's tactical decision to focus on other issues didn't constitute ineffective assistance of counsel. *Wildman v. Johnson*, 261 F.3d 832, 840 (9th Cir. 2001) ("[A]ppellate counsel's failure to raise issues on direct appeal does not constitute ineffective assistance when appeal would not have provided grounds for reversal.").

Accordingly, **IT IS ORDERED** that:

(1) Petitioner's objections to the R&R (Doc. 25) are **overruled**.

(2) The R&R's recommended disposition (Doc. 18) is **accepted**.

(3) The Petition (Doc. 6) is **denied**.

(4) A Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because denial of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

(5) The Clerk shall enter judgment accordingly and terminate this action.

Dated this 3rd day of February, 2020.

Dominic W. Lanza
United States District Judge